UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH ARTHUR WILLIAMS,

Plaintiff,

v. Case No.: 8:09-cv-2508-T-33AEP

UNITED STATES GENERAL SERVICES ADMINISTRATION, ET AL.,

Defendants.
______________________________/

**ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. # 22), which was filed on August 31, 2010. Williams filed a Response in Opposition to the Motion to Dismiss on September 24, 2010. (Doc. # 31). For the reasons that follow, the Motion to Dismiss is granted in part and denied in part in this employment discrimination and veterans rights case.

## I. Factual Background and Procedural History

Williams, a Vietnam-era veteran, worked as a Tax Compliance Officer for the IRS in Tampa, Florida, from June 2006, until August 2006, when he initially resigned from his position. (Doc. # 21 at ¶ 11). Thereafter, he resumed working for the IRS, but again resigned in January 2007. Id. at ¶ 31. From January 2007, through March 2010, Williams applied for "hundreds if not thousands, of federal sector jobs via the

USAJOBS website." Id. Despite his efforts, Williams was not offered employment. Id. at ¶ 12. As alleged in the complaint, Williams applied for various vacancy announcements; however, all but one vacancy announcement was cancelled. With respect to the one vacancy announcement that was not cancelled, (Vacancy Announcement 09-011 32 TC 02-Regulatory Program Specialist) Williams was interviewed for the position, but was not hired.[1] Williams was notified that he did not get the position on March 19, 2009. Williams alleges that he "was non-selected for a younger, allegedly less qualified, female applicant." (Doc. # 21 at ¶ 12).

"In 2009, [Williams] filed Veterans' Preference and EEO complaints against GSA" and "filed VEOA, USERRA, and EEO complaints against the IRS and GSA with the Department of Labor, Veterans' Employment and Training Services ('DOL-

---

[1] Williams contends that the other vacancies, which follow, were cancelled without justification:

PHJB-6-104547-S1-Tax Compliance Officer
WPP 240 DE 09-Budget Analyst
WPN 197 DE 09-Budget Analyst
WPN 166 DE 09-Budget Analyst
WPN 220 DE 09-Building Management Specialist
09-0033 OCT 03-Program Analyst
GSA 9 DE 09 87-Program Support Specialist
09 07 121 DRMP-Contract Specialist
09 07 119 DRMP-Contract Specialist

(Doc. # 21 at ¶ 13).

VETS'), and with the IRS and GSA EEO offices for employment related Veterans' Preference violations, prohibited discrimination charges, disparate treatment charges, and retaliation charges." (Doc. # 21 at ¶ 13).

On December 14, 2009, Williams filed a 49-page complaint (not including exhibits) against the United States General Services Administration as well as numerous other governmental entities and officials. (Doc. # 1).

Finding that the complaint failed to comply with the pleading requirements of the Rule 8(a) of the Federal Rules of Civil Procedure, the Court required Williams to file an amended complaint. (Doc. # 9). Williams filed his amended complaint (Doc. # 21) on August 18, 2010. The amended complaint contains seven counts and is asserted against the General Services Administration, the Office of Personnel Management, the Merit Systems Protection Board, the Department of Labor, the Department of the Treasury, and 17 individual government employees, including department heads, in their official capacities.

Count one, asserted against "the Defendants," alleges violation of the Veterans Employment Opportunities Act of 1998 (VEOA), 5 U.S.C. § 3330a. In count two, Williams asserts that GSA and the IRS violated the Uniformed Services Employment and

Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301. Williams contends in count three that GSA, the IRS, and OPM violated his employment and reemployment rights pursuant to 5 C.F.R. §§ 300.103, 300.104, when such Defendants failed to hire Williams and failed "to implement the applicant hiring notification process and the Structured Interview process effectively and consistently among all applicants." (Doc. # 21 at ¶ 24).

Counts four and five of the complaint allege that GSA and the IRS violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Specifically, in count four, Williams claims that GSA and the IRS retaliated against him due to his "prior participation in EEO activity against the GSA and the IRS." (Doc. # 21 at ¶ 25). In count five, Williams contends that GSA and the IRS discriminated against him on the basis of his gender, alleging that: "supermajorities of women controlled the federal sector hiring and employment process at the GSA and the IRS, and that white Anglo-Saxon males, including the Plaintiff, are subjected to illegal job discrimination in federal sector hiring and employment by these supermajorities of women." (Doc. # 21 at ¶ 28).

Williams, in count six, alleges that the federal agency Defendants violated the Age Discrimination in Employment Act

of 1967 (ADEA), 29 U.S.C. § 621, by "failure and refusal to employ or reemploy [Williams] due to [his] age –59 and 60 years." (Doc. # 21 at ¶ 29).

Finally, in count seven, Williams asserts a constructive discharge count against the IRS: "[Williams's] successive resignations from the IRS in August 2006 and January 2007, respectively, were involuntary resignations due to the IRS Agency's misinformation, illegal personnel acts, and fraudulent misrepresentations." (Doc. # 21 at ¶ 31). Williams further explains that he "would not have resigned from the TCO [Tax Compliance Officer] position . . . if [he] had been fully informed by the IRS that the IRS planned to permanently bypass [him] from all subsequent TCO positions nationwide . . . ." Id.

Asserting arguments pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P., Defendants collectively move for dismissal of the amended complaint with prejudice. The motion to dismiss is ripe for the Court's review.

## II. Legal Standard

### A. Rule 12(b)(1)

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp.,

323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the present case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to consider evidence outside the complaint. Eaton, 692 F.2d at 732.

**B. Rule 12(b)(6)**

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

As a threshold matter, the Court notes that it has granted Williams considerable leniency due to his status as a pro se litigant and has not held his pleadings to the same standard as an attorney. Nevertheless, several of Williams's claims are due to be dismissed.

### A. Title VII Claims

#### 1. Administrative Remedies

Defendants launch a factual attack on Williams's Title VII gender discrimination and retaliation claims under Rule 12(b)(1), Fed. R. Civ. P., arguing that Williams failed to exhaust administrative remedies with respect to these claims. "Before a plaintiff may file a charge of discrimination under Title VII, he must timely pursue and exhaust his

administrative remedies." Botelho v. Johanns, 353 F. App'x 295, at *5 (11th Cir. 2009).

The Federal Regulations require that an "aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Under Tile VII . . . federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." Id. (citing Brown v. Snow, 440 F.3d 1259, 1264-65 (11th Cir. 2006)).

There is a logical distinction between Williams's Title VII discrimination claims relating to the position for which he was interviewed and was not hired and the positions that were withdrawn. The Court will therefore address these divergent claims separately, although they are lumped together in counts four and five of Williams's complaint.

**a. <u>Regulatory Program Specialist</u>**

Concerning Title VII gender discrimination and retaliation, Williams admits that he did not exhaust his administrative remedies with respect to the position for which he was interviewed (the Regulatory Program Specialist position: vacancy announcement 09-011 32 TC 02). Specifically, Williams indicates in the complaint that he "timely filed EEO complaints against the IRS and the GSA for the positions identified in the Complaint, *except for the Regulatory Specialist position*." (Doc. # 31 at 11)(emphasis added). Therefore, the Court dismisses the Title VII claims that stem from Defendants' failure to hire Williams for the position for which he was interviewed. However, due to Williams's pro se status, it is appropriate to allow him to amend such claims if he so desires, as discussed herein.

The Court will now address Williams's remaining Title VII claims that relate to vacancy announcements that were withdrawn.

**b. <u>Withdrawn Vacancy Announcements</u>**

Arguing that the Court lacks jurisdiction over all of Williams's Title VII claims, Defendants state that it is "undisputed" that Williams was notified on March 19, 2009, that he did not receive the job connected with Vacancy

Announcement 09-001 32 TC 20 (the job for which he was interviewed), and that Williams did not contact an EEO Counselor until July 30, 2010. (Doc. # 22 at 12).[2] In support of this argument, Defendants point to exhibits attached to Williams's original complaint. (Doc. # 1 at 50-53).

The original complaint has been superseded by the amended complaint. (Doc. # 21). However, even if the documents Defendants rely upon were properly before the Court, such documents do not demonstrate to this Court, without further analysis, how Williams missed his 45 day deadline to contact an EEO Counselor as to the withdrawn vacancy announcements. In addition, it should again be noted that Williams alleges that he "timely filed EEO complaints against the IRS and the GSA for the positions identified in the Complaint, except for the Regulatory Specialist position." (Doc. # 31 at 11).

---

[2] In the same pleading, Defendants argue, "On July 30, 2009, Plaintiff contacted a GSA Equal Employment Opportunity (EEO) Specialist and informed her of his intent to file an EEO complaint against the Agency." (Doc. # 22 at 4). Because Defendants interchange the years 2009 and 2010, Defendants have not presented their administrative exhaustion arguments to the Court consistently or persuasively. However, at the summary judgment stage, the Court would be willing to reassess Defendants' arguments concerning administrative exhaustion if Defendants are able to supply the Court with appropriate evidence in support of such arguments.

Upon the limited record here, the Court is not persuaded that Williams's Title VII claims stemming from the withdrawn vacancy announcements are barred due to failure to exhaust administrative remedies. The Court will therefore evaluate these remaining Title VII claims under the rubric of Rule 12(b)(6).

### 2. Prima Facie Elements: Gender Discrimination

The only Title VII claims left to assess stem from vacancy announcements that were withdrawn. Williams has failed to provide detailed allegations regarding any alleged discrimination on the basis of his gender. He has failed to allege even the most basic elements required to state a Title VII discrimination claim in the context of this failure to hire case.

As explained in Schoenfeld v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999), "In a traditional failure-to-hire case, the plaintiff establishes a prima facie case by showing that: (1) he was a member of a protected class; (2) he applied for and was qualified for a position for which the defendant was accepting applications; (3) despite his qualifications, he was not hired; and (4) after his rejection the position remained

open or was filled by a person outside his protected class."[3]

Rather, in his one paragraph gender discrimination count, he has merely alleged that "women controlled the federal sector hiring and employment process" resulting in gender discrimination. (Doc. # 21 at ¶ 28). His allegations do not provide "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 554. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Here, the Court has not been supplied with factual allegations which nudge Williams's gender discrimination claim "from conceivable to plausible." Id. at 1951 (internal citation omitted). Therefore, the Court dismisses Williams's gender discrimination claim without prejudice. If Williams so chooses, he may file an amended complaint, as discussed herein.

### 3. Prima Facie Elements: Retaliation

Unlike Williams's bare-bones gender discrimination

[3] Williams provides analysis of these prima facie elements in his response to the motion to dismiss, but does not allege them in his complaint.

allegations, his retaliation count supplies the Court with some detail. Defendants assert that Williams's retaliation claims fail as a matter of law because the positions for which Williams was not hired were withdrawn and not filled.

Defendants rely on Bowers v. Shinseki, No. H08-3445, 2009 WL 1660473, at *2 (S.D. Fla. June 15, 2009)(internal citations omitted), in which the court held: "Non-selection for a position that remains unfilled cannot support a retaliation claim because the cancellation of an opening is a legitimate non-discriminatory and non-retaliatory reason for not selecting a plaintiff for those position." (Doc. # 22 at 17). Defendants also rely on Black v. Tomlinson, 425 F. Supp. 2d 101, 108 (D.D.C. 2006)(granting summary judgment in favor of employer on employment applicant's retaliation claim when employer withdrew the vacancy announcement for which the applicant applied) and Phillips v. TXU Corp., No. 3:05-cv-1588-B, 2006 WL 3900112, at *5 (N.D. Tex. Dec. 29, 2006)(granting summary judgment in favor of employer who withdrew vacancy announcement finding that withdrawal of the announcement was a legitimate reason for failing to hire the applicant and that the applicant "failed to provide evidence" to the contrary).

It should be noted that the cases noted by Defendants all provided detailed summary judgment analysis, and this case has yet to advanced to that stage of the proceedings. Here, Williams has alleged the prima facie elements for stating a retaliation claim, and also has alleged that Defendants withdrew the vacancy announcements with the aim of not hiring him. In Abell v. Dep't of the Navy, 343 F.3d 1378, 1384 (Fed. Cir. 2003), the court noted that "An agency may cancel a vacancy announcement for any reason that is not contrary to law."

In this case, the Court declines to dismiss Williams's retaliation claims for the vacancy announcements that were withdrawn.

**B. ADEA Claim**

Although Defendants move for dismissal of the entire complaint with prejudice, Defendants fail to assert arguments specifically aimed at Williams's ADEA complaint count. Therefore, such ADEA count is not subject to dismissal at this time.

**C. Constructive Discharge Claims**

Williams contends that his resignation from the IRS was involuntary. The Eleventh Circuit provided a detailed discussion of involuntary resignation, also known as

constructive discharge, in Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir. 2009): "Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." (citing Young v. S.W. Sav. and Loan Ass'n, 509 F.2d 140, 144 (5th Cir. 1975)("The general rule is that if the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge). The Bryant court further explained, "A plaintiff must show the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign." 575 F.3d at 1298 (internal citations omitted).

Williams has not stated a claim for constructive discharge. His complaint does not even hint at intolerable or unbearable conditions imposed by the IRS. His complaint does not explain why he resigned from the IRS, except to state that he sought another governmental position. Therefore, his constructive discharge complaint count is dismissed with leave to amend.

**D. VEOA Veterans Preference Claims**

In count one of the complaint, Williams contends that

Defendants violated the Veterans Employment Opportunities Act of 1998 when Defendants failed to hire Williams for the position for which he was interviewed and cancelled the remaining vacancy announcements.

Defendants seek dismissal of Williams's VEOA allegations based on the theory that this Court lacks jurisdiction over such claims because Williams failed to file a timely complaint. Under the VEOA, an aggrieved party "may file a complaint with the Secretary of Labor" and this must be done "within 60 days after the alleged violation." 5 U.S.C. § 3330a(a)(1)(A); 5 U.S.C. § 3330a(a)(2)(A). After the Secretary of Labor has conducted an investigation of the complaint and is unable to resolve the complaint within 60 days, the plaintiff may then elect to appeal to the Merit Systems Protection Board. 5 U.S.C. § 3330a(d).

If the plaintiff has completed these steps and more than 120 days have passed from the date of the appeal to the Merit Systems Protection Board, the plaintiff may elect to "terminate those administrative proceedings and file an action with the appropriate United States district court not later than 60 days after the date of the election." 5 U.S.C. § 3330b(a).

Here, Defendants argue: "Plaintiff failed to file this cause of action within 60 days of terminating his appeal before the MSPB. Instead, Plaintiff filed his original complaint on December 14, 2009 – 62 days after the election [to terminate the MSPB appeal]." (Doc. # 22 at 7). Defendants' jurisdictional arguments are not well taken. As Williams correctly points out, the sixtieth day after his election to terminate his appeal was a Saturday. Therefore, under Rule 6(a)(C) of the Federal Rules of Civil Procedure, he was permitted to file his complaint on the following Monday: December 14, 2009. Accordingly, Williams's complaint was timely filed.

Defendants also seek dismissal of Williams's VEOA veterans preference claims through other avenues, including Rule 12(b)(6); however, upon review of these arguments, the Court determines that such arguments are fact intensive, require the Court to consider extrinsic evidence, and are better suited for adjudication at the summary judgment stage.[4]

---

[4] The same logic applies to Williams's intertwined allegations asserted in count three: that GSA, the IRS, and OPM engaged in employment practices prohibited by 5 C.F.R. § 300.103 and 5 C.F.R. § 300.104. On the present record, the Court is not inclined to dismiss these allegations. The arguments presented by Defendants are better suited for summary judgment, rather than a motion to dismiss.

Therefore, Williams's VEOA and 5 C.F.R. §§ 300.103, 104 claims are not subject to dismissal at this time.

**E. USERRA Claims**

The Uniformed Services Employment and Reemployment Rights Act (USERRA) 38 U.S.C. § 4301, et seq., prohibits employment discrimination on the basis of military service. Dew v. United States, 192 F.3d 366, 370 (2nd Cir. 1999). The Dew court explains the jurisdictional parameters of the USERRA as follows:

> Section 4324 of USERRA applies where the employer is a "Federal executive agency" . . . . Section 4324 does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board ("MSPB"). See 38 U.S.C. Section 4324(b); see also Yates v. MSPB, 145 F.3d 1480, 1483 (Fed. Cir. 1998). The MSPB is authorized to determine whether a Federal executive agency has complied with USERRA and, if necessary, to compel that agency's compliance with the statute. See 38 U.S.C. Section 4324(c)(2)(Supp. 1999). Decisions of the MSPB are subject to review in the Court of Appeals for the Federal Circuit. See 38 U.S.C. 4324(d).

Dew, 192 F.3d at 372.

Defendants argue the this Court lacks subject matter jurisdiction over Williams's USERRA claim because the Federal Circuit, rather than this Court, has jurisdiction over USERRA claims. (Doc. # 22 at 8-10). Defendants are correct in their contention that the Federal Circuit has jurisdiction over an

appeal from a final decision of the Merit Systems Protection Board pursuant to 28 U.S.C. § 1295(a)(9). However, there are certain exceptions to this jurisdictional rule. As explained in Kelliher v. Veneman, 313 F.3d 1270, 1274 (11th Cir. 2002), a plaintiff may seek review in district court in "mixed cases" involving alleged discrimination.[5]

Because Williams has asserted Title VII claims and an unchallenged ADEA claim, the Court determines that it would be inappropriate to dismiss Williams's USERRA claim on the basis of lack of jurisdiction. On the limited record before the Court, it would be imprudent to finally adjudicate Williams's USERRA claim as it may be a "mixed claim" as discussed in Kelliher. Therefore, such USERRA claim is not subject to dismissal at this juncture.

## IV. Conclusion

The Court dismisses that portion of Williams's count four retaliation claim that relates to the Regulatory Program Specialist position for which he was interviewed. The Court declines to dismiss the remaining retaliation claims as

---

[5] As stated in Kelliher, "In these 'mixed' cases where discrimination claims as well as claims not based on discrimination were both presented before the Board, the appeals are not bifurcated; instead, the district court has jurisdiction to review both the discrimination and non-discrimination claims." 313 F.3d at 1274.

asserted in count four. The Court dismisses Williams's Title VII gender discrimination claims in their entirety (count five). In addition, the Court dismisses his involuntary resignation claims (count seven).

Because Williams is a pro se litigant, the Court finds it appropriate to allow him to attempt to cure the deficiencies identified in the complaint by amendment. If Williams so chooses, he may file a second amended complaint, limited to 17 pages, by April 21, 2011.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Defendants' Motion to Dismiss (Doc. # 22) is **GRANTED IN PART AND DENIED IN PART** as stated herein.
2. Williams may file a second amended complaint, limited to 17 pages, by April 21, 2011.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of April 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Pro se Plaintiff and All Counsel of Record